■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL M. RIDDICK, Appellant. [30 NYS3d 764]—

Aarons, J. Appeal from an order of the County Court of Tompkins County (Cassidy, J.), entered March 21, 2014, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to rape in the third degree based

upon his admission to having sexual intercourse with a 15-year-old girl when he was 28 years old. He was sentenced to a 2½-year prison term, as a second felony offender, with five years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender (105 points) and recommended against a departure. The People adopted this recommendation. Following a Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) hearing, County Court denied defendant's request for a downward departure and classified him as a risk level two sex offender, and defendant now appeals.

We affirm. Defendant challenges the assignment of points for continuing course of sexual misconduct under risk factor 4 and for history of drug abuse under risk factor 11. As relevant here, 20 points may be assigned under factor 4 when an offender "engages in . . . two or more acts of sexual contact, at least one of which is an act of sexual intercourse . . . which acts are separated in time by at least 24 hours" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). Defendant concedes that the evidence established that he had sexual intercourse with the victim on two occasions, but argues that it failed to establish that the crimes were separated by the requisite 24-hour period of time. However, although the Board assessed 20 points under this risk factor in the risk assessment instrument, which the People adopted, defendant did not raise this specific contention in his written papers requesting a downward departure in his presumptive risk level or at the SORA hearing, and County Court did not address it. Consequently, the issue is unpreserved (*see People v Windham*, 10 NY3d 801, 802 [2008]; *see also People v Gillotti*, 23 NY3d 841, 861 n 5 [2014]; *People v Snyder*, 133 AD3d 1052, 1052 [2015], *lv denied* 27 NY3d 902 [2016]; *People v Benson*, 132 AD3d 1030, 1032 [2015], *lv denied* 26 NY3d 913 [2015]).

With regard to the assignment of 15 points for history of drug abuse, the evidence in the case summary and presentence investigation report reflect defendant's admission that he used marihuana on a weekly basis when not incarcerated (*see* Correction Law § 168-n [3]; *People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]). Defendant maintains that this was an insufficient use to constitute drug abuse within the meaning of the SORA guidelines (*see generally People v Palmer*, 20 NY3d 373, 378-379 [2013]). Even if we were to find in defendant's favor on this issue, he would remain a presumptive risk level two sex offender. As such, we decline to disturb the determination.

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.